CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY THOMAS DAVIS, JR., | CASE NO. 7:15CV00380 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| STEPHEN RAINES, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Gary Thomas Davis, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a police officer wrongfully detained him and used excessive force against him. By separate order, the court will direct the clerk's office to assist Davis in accomplishing service on this officer. Upon review of the record, the court finds that Davis' additional claims against other defendants must be summarily dismissed.

I.

In brief, Davis alleges that on May 21, 2014, in a store in Franklin County, Virginia, Stephen Raines, an off duty Henry County officer, recognized Davis from prior encounters. Raines told Davis his belief that authorities had outstanding warrants for Davis and attempted to detain Davis when he left the store. Raines allegedly prevented Davis from getting into his vehicle and then from going back into the store, and at one point, allegedly slamming Davis' hand in a door. After some struggle involving a firearm, Franklin County officers arrived, apprehended Davis, and placed him under arrest.[1]

Davis brought this § 1983 action, naming as defendants Stephen Raines, Henry County, and Franklin County. The court issued an order notifying Davis that his complaint failed to set

---

[1] According to Franklin County Circuit Court records available online, Davis was later charged and convicted of pointing or brandishing a firearm and possession of a firearm as a convicted felon. He is currently awaiting trial.

forth clear § 1983 claims concerning conduct by each defendant in violation of his constitutional rights and granted him an opportunity to file an amended complaint, which he has done.

Liberally construed, the amended complaint alleges the following grounds for relief: (1) Raines violated state law in detaining Davis; (2) Raines unlawfully seized and used excessive force against Davis; (3) the Henry County Sheriff's Office condoned Raines' wrongful actions; (4) the Franklin County Sheriff's Office negligently allowed Raines' actions and failed to discipline him thereafter; and (5) Raines committed assault and battery against Davis. Raines seeks monetary damages from the defendants for these alleged violations.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his rights under the Constitution or laws of the United States. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Section 1983 will not support a claim based on a respondeat superior theory of liability. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). To impose § 1983 liability upon a municipality or its agencies for a municipal employee's actions, "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Polk v. Dodson, 454 U.S. 312, 326 (1981) (quoting Monell, 436 U.S. at

694). See Rizzo v. Goode, 423 U.S. 362, 370-377 (1976) (holding general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983). Davis does not state facts indicating that Raines acted as he did pursuant to any policy or custom of either Henry County, Franklin County, or their respective sheriff's departments. Accordingly, Davis has not stated a claim that either the counties or their law enforcement entities may be held liable under § 1983 for Raines' actions against Davis.

Davis also faults the counties and their law enforcement entities for failing to discipline Raines for the actions Davis challenges. Davis has no constitutional right, however, to have any other person investigated or prosecuted for any offense. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (finding individual has no constitutional right regarding criminal prosecution or non-prosecution of another person).

### III.

For the reasons stated, the court dismisses Davis' claims against Henry County and the Henry County Sheriff's Department and against Franklin County and the Franklin County Sheriff's Department, pursuant to § 1915A(b)(1), for failure to state a claim. This action will go forward only as to Davis' claims against Defendant Raines. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of SEPTEMBER, 2015.

/s/ Glen Conrad
Chief United States District Judge