CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY DAVIS, | ) | CASE NO. 7:15CV00380 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| STEPHEN RAINES, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Gary Davis, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, an off duty police officer, wrongfully detained him and used excessive force against him. After review of the record, the court concludes that defendant's motion to dismiss must be denied.

I.

Davis' allegations in the amended complaint are brief. On Saturday, May 31, 2014, as Davis was leaving a store in Franklin County, Virginia, Stephen Raines approached him. Raines, an off duty Henry County deputy, said he recognized Davis and believed that authorities had outstanding warrants for Davis. Davis did not answer and tried to walk to a vehicle nearby. Raines "stopped and detained [Davis] preventing [him] from entering the vehicle." (Amend. Compl. 1, ECF No. 8.) Meanwhile, Raines called dispatch to verify the outstanding warrants. Davis "refused to cooperate with [Raines'] seizure and attempted to enter" the store. (Id.) Raines "obstructed [Davis'] lawful movement by slamming the ent[rance] door against [Davis'] left hand," preventing Davis from entering the store and "causing physical injury" to Davis. (Id.)

Davis asserts that "[d]ue to the verbal and physical acts of detention by Stephen Raines I felt as if I were under arrest and I was not free to leave."[1] (Id. 3.)

The court liberally construes Davis' pro se amended complaint as alleging the following claims against Raines:[2] (1) Raines violated state law by detaining Davis outside of Henry County; (2) Raines seized Davis in violation of the Fourth Amendment by preventing him from entering the vehicle and by slamming the store's door on Davis' arm to prevent him from entering the store; and (3) Raines' slamming of the door on Davis' hand constituted (a) excessive force under the Fourth Amendment and (b) assault and battery. Davis seeks monetary damages. Defendant has filed a motion to dismiss, and Davis has responded, making this matter ripe for consideration.

II.

A motion to dismiss tests the legal sufficiency of a complaint. See, e.g., Bell Atl. Corp. v. Twombly, 553 U.S. 544, 553-63 (2007). "[T]he complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks and citation omitted). In conducting its review, a court must view the facts in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. (internal quotation marks and citation omitted).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735

---

[1] Davis' submissions indicate that at some point, the confrontation between Davis and Raines escalated, and Davis drew a firearm. Franklin County officers arrived, apprehended Davis, and placed him under arrest. Franklin County authorities later brought criminal charges against Davis.

[2] By previous opinion and order, the court summarily dismissed Davis' separate claims against the Franklin County Sheriff's Office and the Henry County Sheriff's Office.

2

F.3d 153, 158 (4th Cir. 2013). The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure," U.S. Const. amend. IV, and this protection, in broad terms, "usually requires the police to have probable cause or a warrant before making an arrest." Herring v. United States, 555 U.S. 135, 136 (2009). Seizures can occur before or without formal arrest, however. "Whenever an officer restrains the freedom of a person to walk away, he has seized that person." Tennessee v. Garner, 471 U.S. 1, 7 (1985). If a "reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force" to accomplish the seizure, his actions survive a Fourth Amendment challenge. Elliott v. Leavitt, 99 F.3d 640, 642 (4th Cir. 1996) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)).

Fourth Amendment protections proscribe unreasonable seizures by governmental action, not actions by a private citizen, unless that private individual was "acting as an agent of the Government or with the participation or knowledge of any governmental official." United States v. Jacobsen, 466 U.S. 109, 113 (1984) (citation omitted). Similarly, as stated, a § 1983 plaintiff must prove that the defendant who violated his constitutional rights was acting under color of state law. Cooper, 735 F.3d at 158. To determine if a defendant's challenged action is fairly attributable to the state for these purposes, the court must conduct a two-step analysis.

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

3

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "If an individual is possessed of state authority and purports to act under that authority, his action is state action." Griffin v. Maryland, 378 U.S. 130, 135 (1964).

Taking the allegations in the light most favorable to Davis, he has sufficiently alleged that Raines acted under color of state law when detaining him. From Raines' initial encounter with Davis, the officer asserted the existence of the outstanding arrest warrants as a basis for detaining him, rather than any criminal behavior that Raines had observed. This use of alleged state charging documents may satisfy the first factor of the Lugar test. See, e.g., Pruitt v. Pernell, 360 F. Supp. 2d 738, 743-44 (E.D.N.C. 2005), aff'd, 173 F. App'x 298 (4th Cir. 2006) ("The threat of arrest is one of the purest acts of state authority."). In satisfaction of the second Lugar factor, Raines knew of these charging documents only by virtue of his status as a police officer, thus linking his off duty, extra-jurisdictional "private citizen" action to his official status as a state employee. See, e.g., Rossignol v. Voorhaar, 316 F.3d 516, 524 (4th Cir. 2003). Thus, the court concludes that Davis has alleged a sufficient factual basis for the state actor requirement of his Fourth Amendment claim under § 1983.

The court also concludes that Davis' allegations sufficiently state a claim of excessive force that survives Raines' motion to dismiss. Liberally construed, Davis' submissions allege that he was merely shopping when Raines physically detained him to check for outstanding warrants—by blocking Davis' access to the vehicle and by slamming him in the door to prevent his reentry of the store. Drawing reasonable inferences in Davis' favor at this point in the

4

litigation, Davis has alleged that Raines' actions constituted an unreasonable seizure using more force than justified by then-existing circumstances.[3]

Raines argues that Davis is barred from suing him under § 1983, because Raines had probable cause to arrest Davis and the later, related criminal proceedings did not terminate in Davis' favor. Raines may be able to present court records and other evidence on summary judgment to prove these arguments and foreclose Davis from suing for damages under § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Biddle v. Martin, 992 F.2d 673, 678 (7th Cir.1993) (holding that existence of probable cause for arrest defeats civil claim for unlawful arrest). The current record, however, does not include sufficient facts for the court to reach such a conclusion. For example, nothing in the record demonstrates that Raines had probable cause for his initial detention of Davis or that Davis was criminally charged for any conduct committed before Raines slammed his hand in the door. For the stated reasons, the court will deny the motion to dismiss as to Davis' Fourth Amendment claims—Claims (2) and (3)(a). The court believes that these issues are best considered after conduct of reasonable discovery.

Finally, in the interest of judicial efficiency, the court will withhold ruling on Davis' state law claims until the federal claims are ripe for disposition on summary judgment. See 28 U.S.C. § 1367(c)(3) (authorizing court to decline exercise of supplemental jurisdiction over state law claims when all federal claims must be dismissed). Accordingly, the court will deny the motion

---

[3] In the amended complaint, Davis states that he is seeking only monetary relief for the alleged excessive force and assault and battery. Accordingly, the court will construe and grant the amended complaint as a motion for voluntary dismissal of the initial complaint to the extent that it also sought to have Davis' criminal charges dismissed and to bring criminal charges against Raines. In any event, Davis cannot obtain such relief through a § 1983 action.

5

to dismiss as to state law Claims (1) and (3)(b) without prejudice to Raines' reinstatement of his arguments for dismissal of these claims later in the case.

III.

For the reasons stated, the court concludes that defendants' motion to dismiss must be denied as to the Fourth Amendment claim under § 1983 and denied without prejudice as to the state law claims. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 13th day of June, 2016.

/s/ Glen Conrad
Chief United States District Judge