CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 01 2016
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY DAVIS, | ) | CASE NO. 7:15CV00380 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| STEPHEN RAINES, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Gary Davis, while incarcerated, filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, among other things, alleging that Defendant Stephen Raines, an off duty police officer, used excessive force against him during his arrest. Because the court no longer has a current mailing address for Davis, the case will be dismissed without prejudice.

In the order conditionally filing the case (ECF No. 5), the court advised Davis that a failure to update his mailing address after a transfer or release from incarceration would result in dismissal of this action. Thereafter, Raines filed a motion to dismiss, to which Davis responded. By opinion and order entered June 13, 2016, the court denied the motion to dismiss in part and set a deadline for any motion for summary judgment to be filed. The copies of the June 13, 2016, opinion and order that were mailed to plaintiff at the jail address he provided have been returned as undeliverable, with a notation indicating that plaintiff is no longer at the jail and officials were unable to forward his mail to him. Davis has not contacted the court since a letter to the clerk's office, received in January 2016. Moreover, records available online do not indicate that Davis has been transferred to a Virginia Department of Corrections prison facility.

Based on the foregoing, the court finds that plaintiff has failed to prosecute this action, pursuant to Federal Rule of Civil Procedure 41(b). Accordingly, the court dismisses the action without prejudice. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se

litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)). If Davis wishes to proceed with this action, he may move to reopen the case within 30 days from entry of the dismissal order, provided that he demonstrates good cause for his failure to update the court with a current address as directed.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff's prior address and to counsel of record for defendant.

ENTER: This 1st day of July, 2016.

*/s/ Glen E. Conrad*
Chief United States District Judge